IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINDSEY CORMIER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. 2:15-CV-209 |
| | § | |
| C & S WIRELINE SERVICES, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## ORDER

In his complaint, Plaintiff Lindsey Cormier ("Cormier"), a heavy equipment operator, alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., when it withheld his final paycheck and paid him a weekly salary instead of hourly overtime.  Pl.'s Original Comp. 3, Dkt. No. 1; *see also* Def.'s Original Ans. 1, Dkt. No. 4 (admitting that Defendant employed Cormier).  He brings a putative FLSA collective action on behalf of himself and all other similarly situated.  Pl.'s Original Compl. 4.  The court has before it Cormier's unopposed motion to dismiss this case voluntarily.  Dkt. No. 8.  He represents that the parties have reached a settlement agreement and proposes that the Court enter an order dismissing this case with prejudice.  *Id.* at 1.

This Court has not certified this case, conditionally or otherwise, as an FLSA collective action.  *See* 29 U.S.C. § 216(b) (2012).  Nor has any plaintiff other than Cormier opted in to this case.  Nonetheless, the parties' proposed settlement agreement must be approved by this Court and a final judgment entered. *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Tran v. Thai*, No. H-08-3650, 2009 WL 3060400 (S.D. Tex. Sept. 24, 2009) (analyzing motion to approve settlement of FLSA

1

collective action where case was not certified and no other plaintiff joined); *Beardslee v. Randalls Food & Drugs LP*, No. H-09-1200, 2009 WL 1957714 (S.D. Tex. July 7, 2009) (same).   To approve the settlement of an FLSA collective action, the Court must "determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable."   *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 11-242, 2012 WL 161824, at *13 (E.D. La. Jan 18, 2012) (citations omitted).

The Court cannot approve the proposed settlement on this record. Cormier makes no representations about what, if any, issues the parties dispute in the instant motion.  *See* Dkt. No. 8 at 1 (reciting only that the parties have settled).   He also does not attach a copy of the settlement agreement and does not specify its terms. *See id.*  Consequently, this record must be further developed before the Court can decide if it should approve the parties' settlement agreement.  *See Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d. 714, 720 (E.D. La. 2008) (declining to rely on parties' conclusory representations in memorandum of law filed in support of motion to approve settlement because, "for the inquiry to have any meaning for a court reviewing a settlement, it must do more than just take a face value the parties' assertion that there is 'no doubt' that the lawsuit involves a bona fide dispute over FLSA coverage").

For these reasons, the Court **DENIES** Cormier's unopposed motion to dismiss, Dkt. No. 8, **WITHOUT PREJUDICE**.  Cormier may refile his motion to dismiss and approve the proposed settlement agreement within twenty-one days after the entry of this order.  Any party wishing to file a document, such as a proposed settlement agreement, under seal must file a motion to seal, which may be joined with a motion to approve the settlement agreement. *See*

*generally Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008).

It is so ORDERED.

SIGNED this 15th day of July, 2015.

_____
Hilda Tagle
Senior United States District Judge